Craig Sanders (SBN: 284397)
    csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Harbron,<br><br>                    Plaintiff,<br><br>        v.<br><br>Pantheon Media Inc. d/b/a Decibel Geek,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Patrick Harbron ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Pantheon Media Inc. d/b/a Decibel Geek ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Plaintiff is an award-winning photographer famous for his iconic 1970s and 1980s rock and roll concert photography and his extensive subsequent work as a unit still photographer for major television networks and film studios. His work evolved from raw live music reportage into high-end advertising, editorial

PLAINTIFF'S COMPLAINT

portraiture, and commercial entertainment media.  Plaintiff is widely known for documenting The Who's final performance with Keith Moon, and this work earned him two JUNO Award nominations and is featured in Taschen's *1000 Record Covers*.

3.    Plaintiff has developed a reputation not only in the music and film industry, but now as a prominent commercial and editorial photographer and has worked with top-tier brands like Apple and IBM, with his work appearing in *Rolling Stone*, *Time*, and *Forbes*. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has built a valuable portfolio of original photographic works that are routinely licensed for authorized commercial, promotional, editorial, and advertising uses.

4.    Plaintiff derives income from the licensing and authorized use of his copyrighted photographic works and maintains exclusive rights under the Copyright Act to reproduce, distribute, publicly display, and otherwise exploit those works. Plaintiff actively licenses his photographs to third parties and relies upon licensing revenue as an important component of his photography business.

5.    Plaintiff created a photograph of American guitarist Vinnie Vincent performing on stage with the rock band KISS (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.    Defendant is a weekly podcast that features discussion of all things Hard Rock and Heavy Metal from the 1960's through today and each week, the hosts discuss new releases, classic albums, and everything in between and they also interview musicians, industry insiders, and other experts on the subject.

7.    Upon information and belief, Defendant uses professional photography, design photography, project imagery, and other visual content to market and promote its podcasts, projects, products, subscriptions and commercial services.

2

8.    Upon information and belief, Defendant derives commercial benefit from displaying photographs of famous artists, musicians and bands in connection with the promotion of its business.

9.    Upon information and belief, Defendant uses a website and social-media platforms to market and promote its business, products, services, employees, and corporate brand. Specifically, Defendant owns, operates, controls, maintains, and/or is responsible for content published through its Accounts and Website, set forth below.

10.    Defendant owns and operates a website at www.decibelgeek.com (the "*Website*").

11.    Defendant also owns and operates social media accounts on Facebook known as Decibel Geek Podcast ("*Account 1*") and on X known as DecibelGeekPod ("*Account 2*"). (Hereinafter the social media platforms set forth above of "*Account 1*" and "*Account 2*" are collectively referred to as the *"Accounts"*).

12.    Upon information and belief, the Website and the Accounts are used by Defendant in connection with its commercial operations and serve as official channels through which Defendant communicates with customers, prospective customers, employees, industry participants, and the general public. Defendant publishes and disseminates content relating to its podcasts, projects, corporate activities, and promotional initiatives through the Website and the Accounts.

13.    Upon information and belief, all content appearing on the Website and the Accounts, including photographs and other visual materials displayed thereon, is posted, published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

14.    Upon information and belief, Defendant owns, operates, manages, maintains, and controls the Website and the Accounts and exercises editorial,

managerial, operational, and financial control over the content appearing thereon.

15.     Upon information and belief, the Website and the Accounts serve as a commercial marketing platform through which Defendant promotes its podcasts, products, services, projects, brand identity, and related commercial activities.

16.     At all relevant times, content published, reproduced, distributed, displayed, and otherwise made available through the Website and the Accounts was subject to Defendant's direction and control, including the infringing content alleged herein.

17.     Defendant, without permission or authorization, reproduced and publicly displayed the Photograph on the Website and the Accounts in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

18.     Plaintiff is a citizen of the State of New York and maintains a principal place of business in Columbia County, New York.

19.     Defendant is a Delaware corporation with a principal place of business at 366 Loma Vista Terrace, Pacifica in San Mateo County, California.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

21.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

22.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant does business in this Judicial District, and/or a substantial part of the events and omissions giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

23.  Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

24.  Plaintiff has invested substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

25.  Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

26.  Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

27.  Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

28.  Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

29.  Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

30.  Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

PLAINTIFF'S COMPLAINT

31.    Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

32.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

33.    On April 2, 2012, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

34.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

35.    On April 27, 2012, the Photograph was registered by the USCO under Registration No. VAu1-101-691.

36.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

37.    Defendant is the registered owner of the Website and of the Accounts.

38.    Defendant is the operator of the Website and of the Accounts.

39.    Defendant is responsible for the content of the Website and of the Accounts.

40.    The Website and the Accounts are part of and used to advance Defendant's commercial enterprise.

41.    Upon information and belief, the Website and the Accounts form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

42.    Upon information and belief, Defendant is a sophisticated media corporation operating in an industry in which the use of professional photography

PLAINTIFF'S COMPLAINT

and copyrighted content is prevalent.

43.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

44.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

45.    Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Website and the Accounts.

46.    Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its podcasts, subscriptions, products, services, and related commercial activities.

47.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

48.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

49.    Upon information and belief, Defendant is an experienced digital publisher that regularly licenses and uses professional photography in connection

PLAINTIFF'S COMPLAINT

with its commercial content.

50.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

51.    On or about January 17, 2018, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line post at URL: https://www.decibelgeek.com/complete-vinnie-vincent-collection-feature/ ("*Infringements 1-2*"). Copies of screengrabs depicting Infringements 1-2 are attached hereto as Exhibit 2.

52.    The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://www.decibelgeek.com/wp-content/uploads/2015/07/KISS-Creatures-Of-The-Night-Tour-Canada-January-14-1983-kiss-37768093-2048-1452.jpg.

53.    Plaintiff first observed Infringements 1-2 on December 19, 2024.

54.    On or about July 24, 2015, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line post at URL: https://www.decibelgeek.com/keepin-positive-kissmas-vinnie-vincent/ ("*Infringement 3-4*"). Copies of screengrabs depicting Infringements 3-4 are attached hereto as Exhibit 2.

55.    The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://www.decibelgeek.com/wp-content/uploads/2015/07/KISS-Creatures-Of-The-Night-Tour-Canada-January-14-1983-kiss-37768093-2048-1452-1024x726.jpg.

56.    Plaintiff first observed Infringements 3-4 on July 29, 2026.

57.    On or about July 6, 2016, without permission or authorization from

PLAINTIFF'S COMPLAINT

Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 1 as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=1151468884894567&set=pb.1000294 11275430.-2207520000&type=3 ("*Infringement 5*"). A copy of a screengrab depicting Infringement 5 is attached hereto as Exhibit 2.

58.     Plaintiff first observed Infringement 5 on July 29, 2026.

59.     On or about July 24, 2015, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 2 as part of an on-line post at URL: https://x.com/DecibelGeekPod/status/624673324807913472 ("*Infringement 6*"). A copy of a screengrab depicting Infringement 6 is attached hereto as Exhibit 2.

60.     Plaintiff first observed Infringement 6 on July 29, 2026.

61.     On or about January 17, 2018, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 2 as part of an on-line post at URL: https://x.com/DecibelGeekPod/status/953824389027500037 ("*Infringement 7*"). A copy of a screengrab depicting Infringement 7 is attached hereto as Exhibit 2.

62.     Plaintiff first observed Infringement 7 on July 29, 2026. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

63.     The Infringements are copies or substantially similar copies of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

64.     Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

65.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable

PLAINTIFF'S COMPLAINT

to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement..

66. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website and on the Accounts, including Plaintiff's Photograph.

67. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

68. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

69. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website and on the Accounts by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

70. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website and on the Accounts on Defendant's behalf.

71. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

72. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect

10
PLAINTIFF'S COMPLAINT

to content appearing on the Website and on the Accounts, including the content containing Plaintiff's Photograph.

73. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website and on the Accounts. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

74. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and on the Accounts and exercised such control through its Representatives acting within the course and scope of their authority.

75. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

76. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

77. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

78. Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Website and the Accounts.

79. Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in

PLAINTIFF'S COMPLAINT

connection with the promotion of its products and services.

80.    Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website and on the Accounts.

81.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and on its Accounts and exercised and/or had the right and ability to exercise such right.

82.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

83.    Upon information and belief, the Infringement increased engagement with the Website and the Accounts and generated additional audience traffic, brand visibility, customer interest, and commercial value for Defendant.

84.    Upon information and belief, Defendant distributed the Infringements to a broad audience through the Website and the Accounts and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

85.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

86.    Defendant's use of the Photograph harmed the actual market for the Photograph.

87.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

88.    Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

89.    On or about January 2025 and February 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded

PLAINTIFF'S COMPLAINT

that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

90.    Thereafter, on or about May 12, 2026, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

91.    Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

92.    The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

93.    Upon information and belief, Defendant continued to reproduce, display, distribute, and otherwise exploit the Photograph after receiving notice of Plaintiff's claims. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

94.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

95.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

96.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

97.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

98.    Plaintiff has not granted Defendant a license or the right to use the

PLAINTIFF'S COMPLAINT

Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

99.   Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

100.   Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

101.   Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

102.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

103.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

104.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### *(Vicarious Copyright Infringement)*

105.   Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

106.   Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website and on the Accounts.

107.   As a direct and proximate result of such conduct, Defendant derived a direct financial benefit from and materially benefited from the Infringements.

108.   Defendant enjoyed a direct financial benefit from the Infringements, including commercial value derived from increased audience engagement, promotional exposure, brand visibility, customer acquisition, subscription growth, and related business-development opportunities.

109.   Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or draw of Plaintiff's Photograph to increase user traffic to the Website and to the Accounts, thereby increasing advertising revenue.

110.   Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringements, derived a direct financial benefit from the Infringements, and failed to prevent or stop the Infringements.

111.   Upon information and belief, Defendant willfully engaged in vicarious copyright infringement in violation of Title 17 of the United States Code.

112.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. §

504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

113.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

114.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

115.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.   finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.   for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant

16
PLAINTIFF'S COMPLAINT

from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: July 31, 2026

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131209

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT